**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
     **JUDGE**

## LETTER OPINION

April 20, 2007

Kathryn Decker
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
*Attorney for Counterclaim Plaintiffs*

Aaron Van Nostrand
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
*Attorney for Counterclaim Defendants
and Third-Party Defendants Mark
Graham and Peter Getz*

Judith Bachman
254 South Main Street, Suite 406
New City, NY 10956
*Attorney for Third-Party Defendant
Alexander Baytin*

      Re:   *CUTTR//// Holdings LLC, et al. v. Patinkin, et al.*
                Civil Action No. 05-CV-4537 (WJM)

Dear Litigants:

     This matter comes before the Court on Counterclaim and Third-Party Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. R. 12(b)(6). There was no oral argument. Fed. R. Civ. P. R. 78. For the reasons stated below, Defendants' motion is **GRANTED IN PART and DENIED IN PART**.

**BACKGROUND**

     This case involves claims arising from a failed business venture among the parties. Although the facts set forth in the Complaint and Counterclaim are detailed and lengthy, the

Court will recite only the pertinent facts and allegations for purposes of this motion. Seth Patinkin is a scientist and inventor of a spam e-mail filtering technology. (Countercl. 3-4.) Patinkin entered into a business venture with Mark Graham, Peter Getz, and Alexander Baytin to develop this technology. (Countercl. 4-5.) To this end, CUTTR//// Holdings LLC ("Cuttr Holdings") and CUTTR, INC. ("Cutter, Inc.") were formed by the parties, and Patinkin transferred his technology patent to Cuttr Holdings. (Countercl. 5-6.) Subsequently, Patinkin formed Bella Prosper LLC and Hao Fang LLC in order to pay international subcontractors on behalf of Cuttr, Inc. (Countercl. 9-12.) The business venture apparently struggled, and management conflicts arose. (Countercl. 14-15.) As a result, Patinkin resigned from Cuttr, Inc. (Countercl. 15-16.) Conflicts continued between Patinkin and the remaining members of the Cuttr entities. (Countercl. 16-20.) On September 12, 2005, Cuttr Holdings and Cuttr, Inc. brought this suit against Patinkin, Bella Prosper, and Hao Fang for conversion, fraud, and breach of fiduciary duty. In response, Patinkin brought a counterclaim and third-party complaint alleging, among others, fraud, conversion, slander, and breaches of fiduciary duty and contract against Cuttr Holdings, Cuttr, Inc., Mark Graham, Peter Getz, and Alexander Baytin. The Counterclaim and Third-Party Defendants bring the current motion to dismiss Seth Patinkin's Counterclaim and Third-Party Complaint under Rule 12(b)(6).[1]

## ANALYSIS

**A.     Standard of Review**

The standard for deciding a motion for judgment on the pleadings under *Fed. R. Civ. P. R.* 12(c) is identical to that under *Fed. R. Civ. P. R.* 12(b)(6). All allegations in the complaint must be taken as true, and a court must draw all reasonable inferences in favor of the non-moving party. *See Gomez v. Toledo,* 446 U.S. 635, 636 n.3 (1980); *Robb v. Philadelphia*, 733 F.2d 274, 277 (3d Cir. 1984). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted under any set of facts which could prove consistent with the allegations, a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Sunn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

**B.     Motion to Dismiss**

Patinkin has voluntarily agreed to dismiss Counts Three, Six, Eleven, Thirteen, Fourteen, and Fifteen. Additionally, Patinkin has not opposed Baytin's motion to dismiss Count Sixteen. The remaining counts are addressed in turn.

    Counts One, Two, Five, Eight, Nine, and Ten

---

[1] This motion, however, is more accurately a Fed. R. Civ. P. R. 12(c) motion for judgment on the pleadings as Defendants filed an answer before making their motion. As the Court's analysis under either rule is the same, Defendants' error will not impact this motion, and the Court will treat Defendant's motion as a judgment on the pleadings.

These claims are based on Patinkin's continuing interest in Cuttr Holdings and Cuttr, Inc. Counterclaim and Third-Party Defendants argue that Patinkin has no remaining interest in either Cuttr entity since Patinkin clearly tendered his resignation from all positions within Cuttr and its affiliates by email on August 2, 2005. They further assert that Defendant Graham wrote a reply letter to Patinkin on August 4, 2005 stating: "We understand that you have resigned from all executive, managerial and membership positions at CUTTR and its affiliates . . . you relinquish all right, title and interest in and to all equity and other interests in these entities." (Countercl. 15.)

Patinkin argues that he only resigned as President and CEO of Cuttr, Inc. Patinkin acknowledges that his email appears ambiguous as he stated that he was resigning from Cuttr without specifying from which Cuttr entity. Additionally, he acknowledges that Graham wrote the reply letter cited above, but he denies ever receiving or seeing the letter before this litigation. Patinkin asserts that he is still a member, director, and officer of Cuttr Holdings, a director of Cuttr, Inc., and the owner of a one-third equity interest in Cuttr Holdings. (Countercl. 15-16.)

There are clear factual disputes regarding the scope of Patinkin's email resignation, and Patinkin's receipt of Graham's letter clarifying his resignation. Construing the facts in favor of the non-moving party, Patinkin has properly pled his continuing interest in the Cuttr entities, and the Court **DENIES** the motion to dismiss these counts.

Count Four

Patinkin's counterclaim alleges that Cuttr Holdings and Cuttr, Inc. breached certain Technology Transfer Agreements by failing to raise gross proceeds of $1 million by December 31, 2004. (Countercl. 6.) Patinkin argues that this failure to raise $1 million resulted in the reversion of the technology back to Patinkin. (*Id*.) Defendants, however, argue that the $1 million threshold was met. As proof, Defendants cite a December 20, 2004 SEC filing in which Patinkin certified that CUTTR had already sold $1 million worth of securities. (Van Nostrand Decl. Ex. 2.) Thus, Defendants argue, Patinkin cannot claim that Defendants breached the Agreements. Patinkin asserts that he has no recollection of signing the SEC document and that he was not around to sign the document on December 20, 2004. Again, construing the facts in favor of the non-moving party, Patinkin has properly pled his claim under the agreements. The Court **DENIES** the motion to dismiss Count Four.

Count Seven

Patinkin seeks indemnification from Cuttr, Inc. for defense of this suit pursuant to its Articles of Incorporation. (Countercl. 27.) According to the indemnification clause, a former officer of Cuttr, Inc. is eligible for indemnification in a civil suit "whether or not by or in the right of the Corporation" except when the officer brings a suit against the corporation. (Countercl. 7-8.) The clause, however, does not expressly indemnify an officer for suits brought by the corporation against the officer, and it would be unreasonable to read the clause in such a

manner.  If the company intended to waive all liability for its officers and directors and ensure that the company could never recover any damages from its officers or directors, it would have done so expressly.  This interpretation is further supported by Defendant's argument that the word "indemnify" commonly presumes a tripartite arrangement.  Accordingly, the motion to dismiss Patinkin's claim for indemnification is **GRANTED**.

### Count Twelve

Defendant Graham argues that Patinkin has not pled an essential element of his slander claim – special damages.  In New Jersey, a plaintiff must plead actual pecuniary or economic harm to reputation in order to sustain a slander claim, unless it is slander per se.  *Jobes v. Evangelista*, 369 N.J. Super. 384, 397 (2004).  It is well settled that an accusation of criminal conduct is slander per se.  *Id*.  Patinkin states: "Graham falsely told numerous other third parties that Patinkin had illegally handled funds and diverted money to unknown shell companies . . . [and] that Patinkin's arrest was imminent."  (Countercl. 17.)  As these statements allege that Patinkin was engaged in criminal conduct, Patinkin alleges slander per se, and he therefore need not plead special damages.  Accordingly, the Court **DENIES** the motion to dismiss.

### Request for Sanctions

Defendants in their reply brief seek attorney's fees and costs as sanctions under Fed. R. Civ. P. R. 11.  They argue that Patinkin's voluntary dismissal of six claims is an admission that those claims were frivolous.  The Court finds that sanctions would be inappropriate at this time.  First, Defendants have not made a proper motion to request sanctions under Rule 11, and there has been no opportunity for Patinkin to respond.  Additionally, Defendants have not provided affirmative explanations (only one example is cited) for why these claims should be considered frivolous.  Therefore, Defendants' request for sanctions is **DENIED** at this time.

### CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part.   An appropriate order follows.


 s/William J. Martini
**William J. Martini, U.S.D.J.**